# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RITA H. JONES,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0179** (BOR Appeal No. 2048459)
               (Claim No. 2003052220)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**TRUMBULL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rita H. Jones, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 30, 2014, in which the Board reversed a June 5, 2013, Order of the Workers' Compensation Office of Judges and remanded the claim to the claims administrator with instructions to issue an Order determining if there is a compensable psychological diagnosis and ruling on the requests for Escitalopram.[1] In its Order, the Office of Judges reversed the claims administrator's April 18, 2012, and July 26, 2012, decisions which denied requests for Escitalopram. The Office of Judges authorized the medication for six months. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] The Board of Review, in a decision dated February 25, 2014, vacated its January 30, 2014, decision and remanded the claim to the Office of Judges for a ruling on the compensability of depression and the authorization of Escitalopram.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jones, a flagger, was injured in the course of her employment on May 14, 2003, when she was struck by a motor vehicle. The claim was held compensable for headache; dizziness; closed fracture of the sacrum/coccyx; closed fracture of the tibia; bulging lumbar disc; coccydynia; head injury; post-concussion syndrome; migraine headache; injury to lumbosacral plexus nerve root; ataxia; constipation; sprain/strain of the neck; diplopia; abnormal involuntary movements; and contusions to the head, left shoulder, hip, knee, and left leg. Russ Voltin, M.D., requested authorization of Lexapro[2] for the diagnosis of dysthymic disorder.

The claims administrator denied requests for Escitalopram on April 18, 2012, and July 26, 2012. The Office of Judges reversed the decisions and authorized Escitalopram for six months in its June 5, 2013, Order. It found that the medication is for the treatment of depression and/or generalized anxiety disorder, and the claims administrator denied the request for the medication based on a finding that depression and anxiety are not compensable components of the claim. The Office of Judges noted that this Court reversed January 11, 2011, and May 5, 2011, Board of Review decisions denying requests for a psychiatric consultation and treatment for depression. *Jones v. W. Va. Office of the Ins. Comm'r,* No. 11-0293 (Sept. 14, 2012) (memorandum decision). However, the Office of Judges found that we did not add depression as a compensable component of the claim. It determined that our decision did not negate the necessity of an analysis of whether or not the medication is medically related and reasonably necessary to treat the compensable injury. The Office of Judges found no evidence in the record demonstrating if the claims administrator issued an Order stating whether depression was a compensable component of the claim. The Office of Judges ultimately concluded that depression was a symptom of post-concussion syndrome, a compensable diagnosis, and authorized the requested medication. It specifically noted that its decision did not rule on whether depression was a separate compensable component of the claim.

The Board of Review reversed the Office of Judges' decision on January 30, 2014. It found that the Office of Judges' Order was characterized by an abuse of discretion because the requested treatment cannot be addressed until it is determined whether the diagnosis for which the treatment was requested is a compensable component of the claim. The Board of Review determined that on June 6, 2012, Dr. Voltin reported that Ms. Jones suffers from depression and memory impairment due to the compensable injury. He prescribed Lexapro for the diagnosis of dysthymic disorder. The Board of Review found that the issue of whether or not a psychiatric condition will be included as a compensable component of the claim has not been resolved. In *Jones v. West Virginia Office of the Insurance Commissioner,* No. 11-0293 (Sept. 14, 2012) (memorandum decision), this Court remanded the claim for psychiatric evaluation. Ms. Jones was evaluated by Bobby Miller, M.D., a psychiatrist, who opined that she had an

---

[2] Escitalopram is the generic form of Lexapro.

2

undifferentiated somatoform disorder. He recommended no psychiatric treatment. The Board of Review found no indication in the record that the claims administrator entered an Order addressing the compensability of a psychiatric condition after it received Dr. Miller's report. The Board of Review concluded that Dr. Voltin's request for Lexapro was based on the diagnosis of dysthymic disorder, which is not currently a compensable condition in the claim. The Board of Review therefore remanded the case to the claims administrator with instructions to issue an Order determining whether dysthymic disorder and/or another psychiatric condition are compensable components of the claim and to issue a new ruling on the requests for Lexapro. Ms. Jones's appeal before this Court is from the January 30, 2014, Board of Review Order.

The West Virginia Office of the Insurance Commissioner made a motion before the Board of Review for clarification and modification of the Board of Review's January 30, 2014, Order. The Board of Review granted the motion on February 25, 2014, because it was unaware of a September 23, 2013, claims administrator decision which denied a request to add depression as a compensable component of the claim and denied a request for psychotherapy. The Board of Review found that the issue of whether depression was a compensable component of the claim was still not resolved because the issue was pending before the Office of Judges. The Board of Review determined that the issue of compensability must be addressed before it could be determined whether the requested medication was necessary and reasonable. The Board of Review vacated its January 30, 2014, Order. It remanded the claim to the Office of Judges with instructions to reconsider Ms. Jones's protests to the claims administrator's decisions of April 18, 2012, and July 26, 2012, denying Escitalopram at the same time that it considers the protest to the September 23, 2013, decision denying a request to add depression as a compensable component of the claim.

For the foregoing reasons, we find that the Board of Review's February 25, 2014, Order, vacating the January 30, 2014, Order, renders Ms. Jones's protest to this Court moot. The Board of Review is correct that the issue of compensability should be addressed before it can be determined whether the requested medication should be authorized. This appeal is hereby dismissed.

Dismissed.

**ISSUED:  July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3